IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SHARON DENISE HENDERSON,    )
                            )
         Plaintiff,         )
                            )
v.                          )    Case No. CIV-15-468-RAW-KEW
                            )
NANCY A. BERRYHILL, Acting  )
Commissioner of Social      )
Security Administration,    )
                            )
         Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Sharon Denise Henderson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 30, 1960 and was 53 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a sales associate, stocking clerk, remodeling crew worker, home health aide, school custodian, and cashier/checker. Claimant alleges an inability to work beginning August 25, 2009 due to limitations resulting from various physical and mental impairments.

**Procedural History**

On November 16, 2012, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. On December 14, 2012, Claimant filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*). Claimant's applications were denied initially and upon reconsideration. On May 1, 2014, Administrative Law Judge Richard Kallsnick ("ALJ") conducted a hearing in Tulsa, Oklahoma. On June 23, 2014, the ALJ issued an unfavorable decision. On September 24, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly evaluate the medical opinion evidence.

**Consideration of the Medical Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status/post-bilateral carpal tunnel release, degenerative disc disease of the cervical spine, decreased sensation of the left side, and depression. (Tr. 12). The ALJ concluded that Claimant retained the RFC to perform light work. He provided the additional limitations that Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis but would have trouble relating to the general public. She could adapt to a work situation. (Tr. 14).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of sorter, office helper, and hand packager, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 23). As a result, the ALJ found Claimant was not disabled from August 25, 2009 through the date of the decision. (Tr. 24).

Claimant contends the ALJ failed to properly consider the opinion evidence in the record. Specifically, Claimant was examined by Dr. Robert L. Remondino who authored a report on January 31, 2011. Upon examination, Dr. Remondino found Claimant used a can for support, exhibited restricted range of motion in her neck, and had overall strength which was grossly 5/5. He reviewed her MRI taken December 30, 2010 and found she had an annular disc bulge at C2-3, a combination of disc and osteophyte at C4-5 and C5-6 with mild

5

foraminal narrowing and modic endplate changes inferiorly at C5 and superiorly at C6. He did not find a disc herniation. (Tr. 374). He concluded that nothing further could be done from a spine standpoint to improve her condition. She was released from his care with a permanent ten pound weight limit. (Tr. 375).

On June 13, 2011, Claimant was examined by Dr. Perry D. Inhofe status post right carpal tunnel release of the ulnar nerve performed on March 3, 2011 and status post left release surgery on January 6, 2011. He found Claimant had "done very well" with her hands. He determined she had reached maximum medical improvement and released her from care with a permanent restriction of lifting no more than five pounds with either hand. He also expressed concern about her back and recommended that she seek out a qualified back surgeon concerning the possibility of nerve root decompression. (Tr. 475-76).

The ALJ concluded on both opinions in summary form that "[t]his opinion is given little weight as [Dr. Remondino and Dr. Inhofe] relied heavily on the subjective report of symptoms and limitations provided by the claimant, and the totality of the medical evidence of record does not support his opinion." (Tr. 20).

The ALJ must evaluate every medical opinion in the record, and he will consider several factors in deciding the weight that should be given to any medical opinion. Salazar v. Barnhart, 468 F.3d

6

615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d)). In evaluating medical opinions, the ALJ must accord each opinion the proper weight on the basis of: (1) the examining relationship; (2) the treatment relationship; (3) the length of the treatment relationship and the frequency of examinations; (4) the nature and extent of the treatment relationship; (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether the opinion is from a specialist. Id. at 626. *See also* Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ must give good reasons for the weight assigned to a medical opinion and set forth specific, legitimate reasons for rejecting an opinion of an acceptable treating source. Watkins, 350 F.3d at 1300-1301.

The ALJ failed in providing specific and legitimate reasons for rejecting both the opinion of Dr. Remondino and Dr. Inhofe. Both physicians were following up with Claimant on specific treatment they had each provided in connection with an objectively valid medical condition which reasonably lead to the restrictions each place upon Claimant's activities. The ALJ's conclusion that their opinions relied heavily upon Claimant's subjective statements to reach their conclusions is, itself, not supported by the objective medical record. On remand, the ALJ shall provide specific and

7

legitimate reasons for reducing the weight and consideration of Drs. Remondino and Inhofe. The single basis he provided does not meet this criteria.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE